Hand-Delivered
FILED
~~STATESVILLE, NC~~

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

MAY 1 4 2018

U.S. District Court
Western District of N.C.

Statesville Division

| | | |
|---|---|---|
| William Michael Mangan and Jennie Lee Mangan | ) ) ) ) | Case No. 5:18cv79 *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) | Jury Trial: *(check one)* ☒ Yes ☐ No |
| -v- | ) ) | |
| Thor Industries, Inc. P.O. Box 1486 601 East Beardsley Ave. Elkhart, Indiana 46515 | ) ) ) ) ) | |
| *Defendant(s)* *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) | |

## COMPLAINT FOR A CIVIL CASE

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | William & Jennie Mangan |
| Street Address | 6254 HWY150 (July 2018 changing to 7188 Adirondack Dr.) |
| City and County | Denver, Lincoln County |
| State and Zip Code | NC 28037 |
| Telephone Number | 603-512-8563 |
| E-mail Address | Jennielmangan@gmail.com |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Thor Industries, Inc. |
| Job or Title *(if known)* | |
| Street Address | P.O. Box 1486, 601 East Beardsley Ave. |
| City and County | Elkhart, Elkhart County |
| State and Zip Code | Indiana 46515 |
| Telephone Number | 574-266-1111 |
| E-mail Address *(if known)* | |

**Defendant No. 2**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 3**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question        ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

a.   If the plaintiff is an individual

The plaintiff, *(name)* William and Jennie Mangan , is a citizen of the State of *(name)* North Carolina .

b.   If the plaintiff is a corporation

The plaintiff, *(name)* , is incorporated under the laws of the State of *(name)* , and has its principal place of business in the State of *(name)* .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

a.   If the defendant is an individual

The defendant, *(name)* , is a citizen of the State of *(name)* . Or is a citizen of *(foreign nation)* .

      b.     **If the defendant is a corporation**

The defendant, *(name)* | Thor Industries, Inc. | , is incorporated under
the laws of the State of *(name)* | Indiana | , and has its
principal place of business in the State of *(name)* | Indiana |.
Or is incorporated under the laws of *(foreign nation)* | |
and has its principal place of business in *(name)* | Indiana |

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

   3.     **The Amount in Controversy**

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$269,799.39 because within the Plaintiffs' rights under the Magnuson-Moss Warranty Act, but not limited to, we, the Plaintiffs, have coordinated and executed with the Defendant more than reasonable numerous attempts to repair defects without success with having the Recreational Vehicle off the road spending more than 180 days directly in Thor Authorized Service Facilities, as well as the Defendant's Service Facility, where this does not include great traveling time and distances. We, the Plaintiffs, know we have been more than reasonable, as well as the Defendant, in trying to get our new Recreational Vehicle's defects repaired where the Defendant should not expect us to expend any further effort or money in trying to get defects repaired, therefore; we feel strongly we are entitled to a full refund. Much earlier we asked for a new replacement Recreational Vehicle, again without any reply, however; after all the defects we have suffered with this Recreational Vehicle, not only do we not have any confidence in this Recreational Vehicle, but we also have no confidence in another Recreational Vehicle made by the Defendant where, if we were to accept a replacement, we strongly fear and know we would suffer the same fate. Therefore, we respectfully are asking a full refund of the NEW 2016 Thor Tuscany 44MT we purchased on 6/27/16.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Since we, the Plaintiffs, purchased the Recreational Vehicle on 6/27/2016, as a brand NEW 2016 Thor Tuscany 44MT just out of the factory, it has had over 160 defects, many discovered immediately after the date and time of purchase within hours to days, which had to be worked on before even departing from the place of purchase and has been off the road, with working closely with the Defendant, within multiple reputable Thor Authorized Service Facilities and/or Service Facilities the Defendant has long standing direct relationships with, including the Defendant's own service facility, repeatedly for over approximately 180 days in these various service facilities to date and still has many defects unsuccessfully repaired after numerous attempts, many more than 6 or so attempts on critical defects to make repairs that were unsuccessful, which were discovered immediately after the date of purchase some defects that same exact day and other defects only days afterwards. We, the Plaintiffs, have been demanding our money back or a replacement comparable Recreational Vehicle just a couple of months or so after purchasing this Recreational Vehicle where the Defendant simply has repeatedly ignored our demands where they have been promising repairs of defects by working directly with us, the Plaintiffs, through multiple Thor Authorized Service Facilities and/or Service Facilities the Defendant has long standing relationships with. With us, the Plaintiffs, working directly with the Defendant, attempts to repair these defects by the place of purchase at Camping World of Raleigh North Carolina in Garner, NC, as well as the Defendant's own service facility, were insufficiently repaired. Successful or partially successful repairs on various defects took far too long and we have had absolutely no confidence in this Recreational Vehicle beginning immediately after purchasing the Recreational Vehicle and ever since to date with communicating numerous refund requests to the Defendant, through the dealer and directly to the Defendant, without a single reply. We feel strongly all of our frustrations coincides within our rights under the Magnuson-Moss Warranty Act to demand our full purchasing money back from the Defendant as well as all our frustrations of our many travel expenses at extremely long distances, great time consumption in working with the Defendant and all service facilities to coordinate repairs of numerous defects, mental anguish, and much more towards all failed repair attempts. From our previous residence in New Hampshire and on the road, we traveled to the service facilities below totaling over 10,000 miles solely traveling to these service facilities where the RV now has just over 12,000 miles on it, working very closely with the Defendant. It took great travel time to each service facility below which includes the following to date where there were many unsuccessful repairs of defects which are still outstanding with around 35 defects still requiring repairs with being off the road within the below service facilities over 180 days as you can see with the RV being grossly unlivable until just February of this year where it is still difficult to live in at times still having no confidence in it whatsoever:

• Camping World of Raleigh, North Carolina after buying the RV on June 27, 2016 for 3 days including day of purchase on June 27, 2016 before leaving lot.
• Camping World of New Hampshire – July 7th of 2016 to 3rd week of August of 2016 (6 weeks +)
• Campers Inn – mid August 2016 for 4 days
• Camping World of Raleigh, North Carolina-August 31st of 2016 to Oct. 14th of 2016 (approx.) around 50 days
• Camping World of Raleigh, North Carolina - Oct. 17, 2016 for 2 days.
• Camping World of Raleigh, North Carolina - June 29, 2017 for 1 day.
• Al's Automotive in Exeter, NH October 2016 for around 7 days
• Allen's Diesel in New Hampshire to fix air hose leak for 3 days around the end of August 2017
• Twin Lakes RV Repair in LaGrange Indiana near the Defendant in Elkhart Indiana where the Defendant highly recommended, saying they were the best!, and closely coordinated since the Defendant could not schedule us into their own service facility in this timeframe and the Defendant as well as us were losing faith in the Dealership where we purchased it at Camping World of Raleigh NC in Garner NC – September 1st of 2017 to Mid-October of 2017  (around 53 days)
• Defendant's Service Facility in Elkhart, Indiana – in October 18th of 2017 for 5 days - attempted to fix plumbing where many others failed since Twin Lakes could not fix, however, Defendant failed as well.
• Sams Club Service Center in Asheville, NC around October 24th for 1 day
• Camping World of Asheville – October 26th, 2017 for around 3 days
• Alliance Coach in Wildwood Florida – Dec 17th, 2017 for Thor to fly a technician in to attempt fixing the plumbing again since it was never repaired properly ever and was a total mess, but still has problems, and Alliance Coach attempted to fix the heating/cooling thermostat which failed - both for around 10 days.
• American Paint & Body in Titusville Florida – March 21, 2017 to April 20th - only around half of this timeframe was to repair defects of around 15 days.
End of Oct of 2016, we were forced to store the RV for the winter on our NH property until May of 2017 then resumed seeking repairs. On Oct. 24, 2017, we headed south as building in NH sold and we expect the RV. Wished to be fulltime RVers for 10 years, with no confidence in RV, now we are having home built in NC.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Total Relief Amount of $369,799.39+ includes the following:

1)  Return initial purchasing price of $269,799.39 for the 2016 Thor Tuscany 44MT sold to us as a brand NEW Recreational Vehicle where within our rights under the Magnuson-Moss Warranty Act, but not limited to, many defects exist to date despite numerous more than reasonable attempts were made to correct numerous defects without success along with more and more defects cropping up along the way where we feel being expected by the Defendant, or anyone else, to attempt any further repairs is far too unreasonable as we have been through far too much which has been extremely exhausting mentally and physically as well as extremely time consuming and expensive which the Defendant knows very well. Numerous service technicians along the way have strongly claimed we should get our money back on this RV which has had and still has far too many problems including very severe problems.

2)  Also, there were/are great expenses associated with attempting to get defects repaired in the amount of between $40,000 to $50,000 and likely greater which including great traveling expenses to attempt numerous repairs, registration fees, interest charges, court costs, maintenance costs specifically to bring RV merely to various service facilities, storage costs, and many other costs.

3)  Additionally, we also seek punitive damages in excess of $50,000 as deemed reasonable by a jury of our peers for great suffering throughout this entire timeframe since purchasing the RV on 6/27/2018 to date which has been extremely time consuming, as well as still is, and mentally exhausting over and above any reasonable individual's expectations with an enormous amount of time spent coordinating repairs and approvals directly with Defendant, making travel arrangements and numerous ruined planned activities with the RV. Along with the mental exhaustion, there has been physical exhaustion from the plumbing in the RV not being sanitary since we have found sewage and sewage smells in the shower, on the bedroom floor from traveling, sewage on the ground from pipe leaks and sewage backups and smells from the toilets which has been on-going. We are afraid of the damage to the inside of the basement within the RV from extended sewage leaks and what we have been breathing all of which we have expressed countless times very strongly to the Defendant. Also, noxious fumes from running the faulty Aqua-Hot heating system came into the bedroom many times while sleeping with waking us up through a disconnected bedroom wall and exterior air leaks throughout the bedroom and bedroom bathroom. There were definite possibilities of being overcome to asphyxiation during sleeping while this was going on and making us apprehensive about living in the RV along with the plumbing being a total mess as well as the electrical system.

The Defendant continues to encourage us to service facility after service facility in the hopes of getting the defects within this RV undercontrol, where the Defendant has made it practically impossible to get into their service facility, but we continually get disappointed time and time again where we can't do it any longer as we've been telling the Defendant for a long time now. All we have done since purchasing this RV to date is take it from service facility to service facility along with investing a tremendous amount of time in between coordinating repairs at these service facilities and coordinating numerous approvals with the Defendant for most repairs done at these service facilities in attempting to get defects repaired immediately after purchasing this RV sold to us as a brand new RV explicitly promised to be free of defects. Also, throughout this duration in between service facilities, with the RV unlivable for the most part, we have had to spend a lot of time and money to keep this RV safe, not only in terms of storage but also incurring great expenses protecting the RV from cold weather and the elements. We specifically purchased this RV as brand NEW to avoid defects such as the RV has had and still has and feel confident the RV will crop up many more defects as well as existing defects will not remain repaired as shown by past history from all the Service Facilities. This has totally ruined our dreams of ever traveling with any form of a RV now and in the future since this experience has without doubt been the most horrible experience we have ever been through within our lives so far. It has been horrible simply using all our time bringing this RV from service facility to service facility and spending most of our time in between coordinating, documenting, unretured messages, and getting approvals for repairs on defects to take this RV to each service facility not to mention all the horrors of trying to live in an unlivable RV by any reasonable person's standards of living as well as living with all the many defects while doing so and trying to convince the Service Facilities to actually recognize and fix all of the issues. All of this has caused us and still is much great mental and physical anguish where we have paid this great amount of money for this RV only to have it control most of our time and energy. There has been no quality control within the development of this RV at the Defendant's factory at all from our standpoint where we will never have any confidence in this RV since purchasing it or any other RV the Defendant has developed or ever develops.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 05/14/2018

Signature of Plaintiff *William M. Mangan, Jennie L. Mangan*

Printed Name of Plaintiff William M. Mangan and Jennie L. Mangan

### B. For Attorneys

Date of signing:

| | |
|---|---|
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Street Address | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address | |